UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT K. RICKS,<br><br>          Plaintiff,<br><br>    v.<br><br>C. DAVIS,<br><br>          Defendant | 1:18-cv-01022-DAD-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION**<br><br>14-DAY DEADLINE |

**FINDINGS**

Plaintiff Scott K. Ricks is proceeding *pro se* and *in forma pauperis* in this civil rights action. On August 12, 2019, the United States Postal Service (USPS) returned as undeliverable the Court's order setting a settlement conference, (Doc. 15). On September 11, 2019, the USPS again returned the Court's order continuing the settlement conference, (Doc. 17). As a result, the Court issued an order to show cause why this action should not be dismissed for Plaintiff's failure to prosecute, and provided Plaintiff 21 days to respond. (Doc. 18). More than the allowed time has passed, and Plaintiff has failed to respond to the Court's order.

As stated in the Court's First Informational Order, (Doc. 3), a *pro se* plaintiff must keep the Court and opposing parties informed of her correct address. Local Rules 182(f), 183(b). If a party moves without filing and serving a notice of change of address, documents served at the party's old address of record shall be deemed received even if not actually received. Local Rule

182(f). If mail directed to a *pro se* plaintiff at the address of record is returned by the USPS, and the plaintiff fails to notify the Court of her current address within 63 days thereafter, the Court may dismiss the action for failure to prosecute. Local Rule 183(b).

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide that "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and, in exercising that power, they may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Plaintiff appears to have abandoned this action. Whether Plaintiff has done so mistakenly or intentionally after being released from custody is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and Local Rules—which require Plaintiff to keep his address of record updated. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

**RECOMMENDATION**

Based on the foregoing, the Court **RECOMMENDS** that this action be dismissed for failure to obey a Court order and for failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time

may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 2, 2019**　　　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE